IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BENJAMIN DAVIS,  )<br>   ID # 01734875,  )<br>      Petitioner,  )<br>  )<br>vs.  )<br>  )<br>DIRECTOR, Texas Department of Criminal  )<br>Justice, Correctional Institutions Division,  )<br>      Respondent.  ) | No. 3:22-CV-1499-B-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on July 27, 2022 (doc. 5), should be **DISMISSED** without prejudice for failure to exhaust state court remedies. To the extent it seeks relief, the *"Motioned: Sworn-Mandamus-Declaration/ & Transient Enroute/Change of Venue/ $5.00 (x2) Arbitration!*[,]" received on September 16, 2022 (doc. 13), should be liberally construed as a motion and **DENIED**.

## I.  BACKGROUND

Benjamin Davis (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), appears to challenge a 2011 conviction and 40-year sentence in the Criminal District Court No. 7 of Dallas County, Texas, under 28 U.S.C. § 2254. (*See* doc. 5 at 2); *see also State v. Davis*, Nos. F-1059055-Y, F-1059056-Y (Crim. Dist. Ct. No. 7, Dallas Cnty., Tex. Aug. 11, 2011), *available at* https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last visited Sept. 29, 2022). The respondent is the Director of TDCJ-CID. (*See* doc. 5 at 1.)

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

After a jury trial, Petitioner was convicted of aggravated robbery with a deadly weapon in Case No. F-1059055-Y and Case No. F-1059056-Y in the Criminal District Court No. 7 of Dallas County, Texas, on August 11, 2011, and was sentenced to concurrent terms of 40 years' imprisonment.[2]  *See Davis*, Nos. F-1059055-Y, F-1059056-Y (Crim. Dist. Ct. No. 7, Dallas Cnty., Tex. Aug. 11, 2011).  On appeal, the judgment in Case No. F-1059055-Y was affirmed as modified to reduce his court costs, and the judgment in Case No. F-1059056-Y was affirmed.  *See Davis v. State*, Nos. 05–11–01182–CR, 05–11–01183–CR, 2013 WL 1819990 (Tex. App.—Dallas Apr. 30, 2013, no pet.).  Petitioner did not file a petition for discretionary review (PDR) or a state application for a writ of habeas corpus on either conviction.

Although Petitioner's § 2254 petition is largely illegible and unintelligible, it appears to contend that he was offered a lesser sentence with probation in 7.5 years and that there was an error in his concurrent sentence. (*See* doc. 5 at 2.)  The petition also appears to raise various claims unrelated to Petitioner's convictions or sentences, including claims regarding his alleged identity, "economic impact payments stolen from [his] inheritance," "restitution for a CO[ ] jail beating," forced celibacy, and the TDCJ-CID prisoner identification number assigned to him.  (*Id.* at 8-17.) He seeks "To Have My Born Official Sovereign Only Begotten Immunity," and monetary and other relief.  (*See id.* at 7.)

## II.   EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b).  To exhaust in accordance with § 2254, a petitioner must fairly present the

---

[2] According to the website for the Texas Department of Criminal Justice, it appears that one day after his 40-year sentences were imposed, Petitioner was also sentenced to 10 years' imprisonment for aggravated robbery and robbery, respectively, in two separate state court cases. *See* Inmate Information Search, available at https://inmate.tdcj.texas.gov/InmateSearch/ (input the petitioner's name or prisoner identification number) (last visited Sept. 29, 2022).  Petitioner does not appear to challenge these sentences in this habeas action.  (*See* doc. 5 at 2, 8-17.)

2

factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a PDR or an application for a writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. A petitioner must also present his claims in a procedurally correct manner. *See Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Deters*, 985 F.2d at 795.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for a writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented his claims to the Texas Court of Criminal Appeals. In response to questions on his § 2254 petition form regarding whether he filed a PDR or any state applications for a writ of habeas corpus, he does not identify any state case numbers for those alleged filings, and he provides case numbers and dates only for other federal actions he has filed in this Court. (*See* doc. 5 at 3-4.) Further, a review of the public records shows that he has not filed any PDRs or state habeas applications in the Texas Court of Criminal Appeals on either of the convictions for which he received a concurrent sentence of 40 years' imprisonment. *See* https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (search by trial court case number or by case style using Petitioner's name) (last visited September 29, 2022). The Texas Court of

3

Criminal Appeals therefore has not had a fair opportunity to consider the habeas claims raised by Petitioner in his federal petition.  A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose,* 455 U.S. at 518 (stating that the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.").  Accordingly, the § 2254 petition should be dismissed without prejudice for failure to exhaust his state remedies.

### III.   CIVIL CLAIMS

As discussed, Petitioner appears to raise several claims unrelated to his convictions and sentences, including claims regarding his alleged identity, "economic impact payments stolen from [his] inheritance," "restitution for a CO[ ] jail beating," forced celibacy, and the TDCJ-CID prisoner identification number assigned to him.  (*See* doc. 5 at 8-17.)  Petitioner also seeks monetary and other relief.  (*See id.* at 7.)  These claims and requests for monetary compensation and other relief do not specifically challenge his custody.

Claims that do not challenge Petitioner's custody may not be raised in this habeas action.  Courts may only consider federal habeas petitions under 28 U.S.C. § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws.  *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez,* 411 U.S. 475, 484-87 (1973).  Petitioner's non-habeas civil claims may be liberally construed either as a civil rights action under 42 U.S.C. § 1983, or as a mandamus action under 28 U.S.C. § 1651 that must be raised in a separate civil action against the appropriate parties.  Because Petitioner may only raise habeas claims in this habeas case, his non-habeas civil claims should be dismissed without prejudice to seeking relief in a separate civil action.  *See Davis v. Valdez*, No. 3:15-CV-3952-D (BH), 2016 WL 749899, at *2 (N.D. Tex. Jan. 4, 2016), *rec. adopted* 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).

If Petitioner wishes to pursue relief on any non-habeas civil claims, he must file a separate civil action using the appropriate forms and pay the applicable filing fees. The Prison Litigation Reform Act (PLRA) requires that <u>all</u> prisoners who bring a civil action pay the full $402 filing fee. *See* 28 U.S.C. § 1915(b)(1).[3] A prisoner who is granted leave to proceed *in forma pauperis* must still pay the full filing fee, but is allowed to pay in installments that are automatically withdrawn from the prisoner's trust account. Because of the filing fee, Petitioner's filing is not liberally construed as seeking to open a new case at this time. The Clerk's Office is **INSTRUCTED** to forward Petitioner a copy of this Court's standard forms for filing a civil complaint and an application to proceed *in forma pauperis* in case he wishes to file a new civil action.

### IV.  OTHER RELIEF

On September 16, 2022, Petitioner's *"Motioned: Sworn-Mandamus-Declaration/ & Transient Enroute/Change of Venue/ $5.00 (x2) Arbitration![,]"* was received. (*See* doc. 13.) The filing is mostly unintelligible, but to the extent it seeks relief in this habeas action, the filing should be liberally construed as a motion and **DENIED**.

### V.  RECOMMENDATION

The *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on July 27, 2022 (doc. 5), should be **DISMISSED** without prejudice for failure to exhaust state court remedies. To the extent it seeks relief, the *"Motioned: Sworn-Mandamus-Declaration/ & Transient Enroute/Change of Venue/ $5.00 (x2) Arbitration![,]"* received on September 16, 2022 (doc. 13), should be liberally construed as a motion and **DENIED**.

---

[3] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $52 administrative fee will not be deducted. *Id.*

**SIGNED this 3rd day of October, 2022.**

                                                    IRMA CARRILLO RAMIREZ
                                                    UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE